1

2

3

4

5

6

7

8                UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   G.I.,                            No. 1:26-cv-01637-DJC-AC

12            Petitioner,

13   v.                         ORDER

14   KRISTI NOEM, et al.,

15

16            Respondents.

17       Petitioner G. I.[1] is an immigration detainee proceeding with a Petition for Writ of

18 Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 4).

19 The Court has previously addressed the legal issues raised in Count 2 of the Petition.

20 *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700

21

22 _____

   [1] Petitioner also requests to proceed under a pseudonym. (ECF No. 2.) "The normal presumption is

23 that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1). However, it is common

24 for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" *Does I thru XXIII v. Advanced Textile

25 Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted). The Court grants Petitioner's request. Petitioner has adequately alleged the sensitive and highly personal nature of the

26 facts at issue in her petition. (*See* ECF No. 2.) Petitioner also agrees to disclose his identity to Respondents, thus the prejudice to Respondents appears to be minimal. (*Id.* at 2.) Petitioner's request

27 is also unopposed by Respondents. Finally, the public's interest in open judicial proceedings is not meaningfully impaired as Petitioner does not seek to seal records or take other action beyond using a

28 pseudonym for her name. Accordingly, the Court finds good cause to grant Petitioner's request.

1   (E.D. Cal. Dec. 11, 202); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL

2   3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025

3   WL 3124116 (E.D. Cal. Nov. 7, 2025).

4        The Court informed the parties that it intended to rule directly on the petition

5   and ordered Respondents to show cause as to whether there are any factual or legal

6   issues in this case that distinguish it from the Court's prior orders.  (ECF No. 6.)

7   "Respondents do not have legal arguments to distinguish this case from prior orders

8   issued by the Court, nor do Respondents find material factual differences between

9   this case and those identified by the Court."  (ECF No. 10 at 2.)  Neither party objected

10   to the Court ruling directly on the merits of the petition.

11        Respondents note that "Petitioner has many Alternatives to Detention ('ADT')

12   [sic] violations[,] and cite to an attached Form I-213.  (*Id.*; *see id.*, Ex. 1.)  Examining the

13   provided exhibit provides the Court will a list of alleged violations.  (*See id.*, Ex. 1 at 2–

14   3.)  The vast majority of these are listed as "master zone leave alert" but no explanation

15   is provided for the meaning of this phrase or the other alleged violations.  Nor is there

16   any contextual or factual background provided to explain how these alleged

17   violations were identified.  In the presence of conflicting evidence regarding these

18   alleged violations (*see* ECF No. 12-1), the Court does not find that the unsupported

19   and unexplained list of alleged violations justifies depriving Petitioner of his right to

20   notice and a hearing before he is deprived of his liberty interest.

21        Accordingly, as Respondents have not made any new legal arguments and

22   have not identified any factual or legal issues in this case that would meaningfully

23   distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED

24   that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for

25   the reasons stated in those prior orders.[2]

26

27   _____

28   [2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

1   Respondents are ORDERED to immediately release Petitioner G. I. from their

2   custody.  Respondents shall not impose any additional restrictions on Petitioner,

3   unless that is determined to be necessary at a future pre-deprivation/custody hearing.

4   Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-

5   detaining Petitioner absent compliance with constitutional protections, which include,

6   at a minimum, pre-deprivation notice describing the change of circumstances

7   necessitating Petitioner's arrest and detention, and a timely hearing.  At any such

8   hearing, the Government shall bear the burden of establishing, by clear and

9   convincing evidence, that Petitioner poses a danger to the community or a risk of

10  flight, and Petitioner shall be allowed to have their counsel present.  This Order does

11  not address the circumstances in which Respondents may detain Petitioner in the

12  event Petitioner becomes subject to an executable final order of removal.

13      The Clerk of the Court is directed to close this case and enter judgment for

14  Petitioner.  This Order resolves all pending motions.

15

16      IT IS SO ORDERED.

17  Dated:   **March 5, 2026**

        Hon. Daniel J. Calabretta
18      UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28